IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NOREEN Y. SUNAHARA,<br><br>         Plaintiff,<br><br>  vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>         Defendant. | CIV. NO. 21-00410 JMS-RT<br><br>ORDER REVERSING THE ALJ'S DECISION AND REMANDING FOR FURTHER PROCEEDINGS |

**ORDER REVERSING THE ALJ'S DECISION AND REMANDING FOR FURTHER PROCEEDINGS**

**I. INTRODUCTION**

Noreen Y. Sunahara ("Plaintiff" or "Claimant") seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Acting Commissioner of Social Security, Kilolo Kijakazi ("Defendant" or "Commissioner"). ECF No. 1. The Commissioner adopted Administrative Law Judge Jesse J. Pease's ("ALJ") February 3, 2021 decision finding Plaintiff not disabled under § 1614(a)(3)(A) of the Social Security Act ("ALJ's Decision"). Plaintiff argues the ALJ committed legal error in: (1) failing to consider whether Plaintiff's conversion disorder[1] was

---

[1] A conversion disorder "is one form of a [somatic symptom] disorder—a psychiatric syndrome where the patient's symptoms suggest medical disease, but no demonstrable pathology accounts for the [physical] symptoms." *Metcalf v. Comm'r of Soc. Sec. Admin.*, 2022 WL
(continued . . .)

severe at Step 2; (2) failing to fully develop the record regarding Plaintiff's conversion disorder; and (3) improperly ignoring the mild psychological limitations due to depression in constructing Plaintiff's residual functional capacity.  *See* ECF No. 19 at PageID.724.  Plaintiff asserts that each of these harmful legal errors warrants reversal of the ALJ's Decision and remand for proper consideration of her conversion disorder and depression.

The court agrees that reversal is warranted based on the ALJ's failure to follow procedures set forth in 20 C.F.R. § 416.920a: specifically, to follow a special technique at each level in the administrative review process of mental impairments.  Such failure, given Plaintiff's colorable claim of a mental impairment, is not harmless error and thus requires reversal.  The court REVERSES the ALJ's decision and REMANDS for further proceedings.

## II.  BACKGROUND

**A.    The ALJ's Findings and Decision**

Claimant applied for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act, 42 U.S.C. § 423, on April 1, 2019, based on chronic back pain at L4–5, chronic leg pain in the groin, and

---

842901, at *2 n.2 (D. Ariz. Mar. 22, 2022) (citations omitted).  "A conversion disorder is specifically characterized by a loss of, or change in, motor or sensory functioning resulting from psychological factors.  The physical symptoms cannot be explained medically.  Patients lack voluntary control of their symptoms."  *Id.*; *see also* 20 C.F.R. § Pt. 404, Subpt. P, App. 1 (12.07).

2

uncontrollable body movements ("tremors").  Administrative Record ("AR")[2] 16, 154, 176.  Claimant alleges disability as of September 1, 2015.[3]  AR 16, 154.

The Social Security Administration has established a five-step sequential analysis to assess disability claims, which asks:

>  (1)   Has the claimant been engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.
>
>  (2)   Has the claimant's alleged impairment been sufficiently severe to limit her ability to work?  If not, the claimant is not disabled.  If so, proceed to step three.
>
>  (3)   Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four.
>
>  (4)   Does the claimant possess the residual functional capacity to perform her past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
>  (5)   Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow her to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled.

---

[2] The AR is numbered sequentially from pages 1 to 632 and is available at ECF Nos. 14 through 14-10.

[3] Plaintiff applied for SSI benefits in 2003 and 2009, but the ALJ could not reopen those cases.  AR 36.  Plaintiff also applied in March 2018, and a different ALJ denied that application without further appeal.  ALJ Pease was able to reopen the March 2018 case.  *See* AR 16, 36.

*See, e.g., Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).[4]  For steps one through four, the burden of proof is on the claimant, and if "a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the claimant reaches step five, the burden shifts to the Commissioner.  *Id*.

Here, at Step 1, the ALJ found that Claimant has not engaged in substantial gainful activity since April 1, 2019, the date of Claimant's application for SSI benefits.  AR 19 (citing 20 C.F.R. § 416.971 et seq.); AR 168–70.

At Step 2, the ALJ found that Claimant had the following severe impairments: degenerative changes of the lumbar spine, with a disc bulge at L4–5; rotated left foot; enlarged retroverted fibroid uterus; and small joint effusion of the left knee.  AR 19 (citing 20 C.F.R. § 416.920(c)).  The ALJ found that Claimant's tremors—which consultative examiner, Graeme Reed, M.D., noted may be the result of conversion disorder—were a non-severe impairment.  *Id*.  Specifically, the ALJ noted Claimant's testimony that she experienced tremors in her hips while

---

[4] The five-step process for finding a claimant disabled for Social Security Disability Insurance ("SSDI") claims under 20 C.F.R. § 404.1520 is identical to that for SSI claims under 20 C.F.R. § 416.920.

doing the hula "or splits" and sometimes in her whole body.[5] *Id*. The ALJ found that, at an August 2019 consultative examination, Dr. Reed noted Claimant could sit comfortably without shifting in her chair until the subject of her tremors came up, at which time she started shaking in her upper body.[6] *Id*.; AR 481. Dr. Reed diagnosed Claimant with uncontrollable body movements. AR 19, 483. Dr. Reed concluded that conversion disorder attributed to Claimant's tremors. AR 19, 484. Additionally, Dr. Reed noted there was no physiologic reason for the left groin and leg pain, which may result from conversion disorder. *Id*.

The ALJ found these impairments—i.e., left groin and leg pain, tremors—non-severe "as they were treated with routine medication or lifestyle modification recommendations, the impairments did not last, or are not expected to last for a continuous period of at least 12 months, and/or there is no indication of more than minimal limitations on [Claimant's] ability to perform basic work activities." AR 19. The ALJ "considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing

---

[5] Claimant testified that she felt tremors in her "hips when . . . doing just the hula or doing the twist," not the splits. *Compare* AR 19 (ALJ's Decision), *with* AR 44 (Claimant's testimony). The two activities involve different parts of the body: Twisting commonly occurs at the waist, while the splits requires considerable flexibility in the legs.

[6] Claimant testified at the hearing that she has trouble sitting longer than five to ten minutes. AR 40–42.

[Claimant's] residual functional capacity." *Id*. The ALJ did not further address Dr. Reed's diagnosis of Claimant's conversion disorder.

The ALJ next found at Step 2 Claimant's "medically determinable impairments of depression" to be non-severe because they did "not cause[] more than minimal limitation in [Claimant's] ability to perform basic mental work activities." *Id*. In so finding, the ALJ considered the "'paragraph B' criteria" in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Appendix 1"). AR 20. The ALJ found that the medical evidence supports the findings of not more than mild limitations in the "paragraph B criteria."[7] *Id*. The ALJ also credited and found persuasive the state agency psychological consultants' findings of no severe psychological impairments in Claimant's depression, and concluded that there is not more than a minimal limitation in Claimant's ability to do basic work activities. *Id*. The psychological impairments in Claimant's depression are, thus, non-severe, according to the ALJ. *Id*.

At Step 3, the ALJ found that Claimant did not have an impairment or combination of impairments that meets or is medically equal to the severity of one of the listed impairments in 20 C.F.R Part 404. *Id*. At Step 4, the ALJ found that

---

[7] The "paragraph B criteria" are: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. 20 C.F.R. § Pt. 404, Subpt. P, App. 1.

Claimant has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 416.967(a), except:

> lift, carry, push, or pull 10 pounds occasionally and less than 10 pounds frequently; stand and walk for 2 hours out of 8; sit for 6 hours out of 8; occasional postural activities; occasional stairs and ramps; no hazardous machinery or unprotected heights; no ladders, ropes, or scaffolds; and cannot work on wet or slippery surfaces, or moving surfaces.

AR 21.

At Step 5, the ALJ found Claimant not disabled and that there are jobs that exist in significant numbers in the national economy that Claimant can perform.  AR 26 (citing 20 C.F.R. §§ 416.969, 416.969a).

**B.    Procedural Background**

On August 16, 2019, the Commissioner denied Plaintiff's claim and then on November 20, 2019, denied Plaintiff's claim on reconsideration.  AR 74–77, 83–85.  At Plaintiff's request, the ALJ scheduled a hearing on January 21, 2021, at which Plaintiff and vocational expert, Jessica Bohne, testified.  AR 32–48.  On February 3, 2021, the ALJ issued his decision finding Claimant not disabled because she could perform work in the national economy.  AR 13–31.  The Appeals Council denied Claimant's request for review on August 11, 2021, which rendered the ALJ's Decision the final decision of the Commissioner.  AR 1–6.  Plaintiff commenced this action for judicial review on October 13, 2021.  ECF No. 1.

Plaintiff filed her Opening Brief on July 18, 2022. ECF No. 19. Defendant filed an Answering Brief on August 31, 2022. ECF No. 21. Plaintiff filed her optional Reply Brief on September 15, 2022. ECF No. 22. The court held a hearing on October 17, 2022. ECF No. 25.

### III.  STANDARD OF REVIEW

A claimant is "disabled" for purposes of the Social Security Act if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Congress has provided a limited scope for judicial review of the Commissioner's decision to deny benefits under the Social Security Act. *See* 42 U.S.C. § 405(g); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) ("For highly fact-intensive individualized determinations like a claimant's entitlement to disability benefits, Congress places a premium upon agency expertise, and, for the sake of uniformity, it is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.") (internal quotation and citation omitted).

Guided by this principle, courts employ "three important rules" when assessing an ALJ's decision. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). First, courts "leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Id*. (quoting *Treichler*, 775 F.3d at 1098). Second, courts will "disturb the Commissioner's decision to deny benefits 'only if it is not supported by substantial evidence or is based on legal error.'" *Id*. (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec*., 740 F.3d 519, 522 (9th Cir. 2014) (internal quotation and citation omitted). And, third, even where the ALJ commits legal error, courts uphold the ALJ's decision if that error is harmless. *Brown-Hunter*, 806 F.3d at 492. An error is harmless if it is "inconsequential to the ultimate nondisability determination" or if "despite the legal error, 'the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity.'" *Id*. (quoting *Treichler*, 775 F.3d at 1099).

## IV.  DISCUSSION

*Keyser v. Commissioner Social Security Admin*., 648 F.3d 721 (9th Cir. 2011), underscored the application of § 416.920a's special technique, which

9

the ALJ must use in determining whether a claimant has a medically severe mental impairment or combination of impairments at Step 2:

> [T]he reviewer must determine whether an applicant has a medically determinable mental impairment, [20 C.F.R. § 416.920a(b)], rate the degree of functional limitation for four functional areas, [20 C.F.R. § 416.920a(c)], determine the severity of the *mental* impairment (in part based on the degree of functional limitation), [20 C.F.R. § 416.920a(c)(1)], and then, if the impairment is severe, proceed to step three of the disability analysis to determine if the impairment meets or equals a specific listed mental disorder, [20 C.F.R. § 416.920a(c)(2)].

*Keyser*, 648 F.3d at 724 (emphasis added) (citing identical provisions of 20 C.F.R. § 404.1520a).  At the first two levels of review, the special technique is documented in a Psychiatric Review Technique Form ("PRTF"), and the ALJ must either append the PRTF to the decision or incorporate its findings into the decision. *Id*. at 725 (citing *Gutierrez v. Apfel*, 199 F.3d 1048, 1051 (9th Cir. 2000)).  In particular, "'the [ALJ's] written decision *must* incorporate the pertinent findings and conclusions *based on the technique*' and '*must* include a specific finding as to the degree of limitation in each of the functional areas.'" *Id*. (second emphasis added) (quoting 20 C.F.R. § 404.1520a(e)(4)).

      Here, the ALJ acknowledged that Dr. Reed attributed conversion disorder to Claimant's tremors.  AR 19.  The ALJ also acknowledged that Dr. Reed diagnosed Claimant with conversion disorder.  AR 22.  But the ALJ then failed to apply the special technique to determine whether Claimant's conversion disorder

10

constitutes a medically severe impairment under § 416.920a. And an ALJ'S failure to adhere to the requirements of § 416.920a compels reversal if a plaintiff has a "colorable claim of mental impairment." *Keyser*, 648 F.3d at 726 (quoting *Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005)). Stated differently, the failure to comply with § 416.920a is not harmless if a claimant has a "colorable claim of mental impairment." *Id.*

Dr. Reed conducted a thorough consultative examination of Claimant in August 2019. His report addressed Claimant's lower back pain, tremors, left leg and groin pain, and depression. AR 480, 484. Dr. Reed noted conversion disorder in Claimant's medical record and suggested that she may benefit from a specific psychiatric assessment for conversion disorder. AR 484. Moreover, Claimant's medical record is replete with references to conversion disorder. *See* AR 255, 273, 277, 279, 281, 284, 285, 287, 288, 290, 292, 301, 333, 354, 377, 407, 483. This evidence constitutes a colorable claim of mental impairment, and thus the ALJ's failure to apply the special technique is not harmless error.[8] *See Keyser*, 648 F.3d

---

[8] The Commissioner appears to argue that because the ALJ rated four broad functional areas as to depression, the failure to do so as to conversion disorder is harmless. *See* ECF No. at PageID.761, 765. Not so. First, *Keyser* holds otherwise. *See* 648 F.3d at 727. Second, under Appendix 1, the "requirements" for conversion disorder and depression, while they potentially overlap, are not "identical." As provided in Appendix 1, the listings for all mental disorders are arranged in separate categories—two of which are "depressive, bipolar and related disorders" (12.04) and "somatic symptom and related disorders" (12.07). 20 C.F.R. § Pt. 404, Subpt. P, App. 1. Listing 12.04 for depression has three paragraphs of requirements: A, B, and C. Depression must satisfy the requirements of both paragraphs A and B *or* the requirements of

(continued . . .)

at 726. On remand, therefore, the ALJ must evaluate Plaintiff's mental impairment in accordance with 20 C.F.R. § 416.920a.[9]

## V. CONCLUSION

For the foregoing reasons, the court REVERSES the ALJ's Decision and REMANDS this action to the ALJ for further proceedings consistent with this Order. The Clerk of Court is instructed to close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 26, 2022.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Sunahara v. Kijakazi*, Civ. No. 21-00410 JMS-RT, Order Reversing the ALJ's Decision and Remanding for Further Proceedings

---

both paragraphs A and C. *Id.* By contrast, listing 12.07 for conversion disorder has only two paragraphs of requirements, A and B, both of which must be satisfied. *Id.*

[9] Given this ruling, the court need not address Plaintiff's other allegations of error by the ALJ.